UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOZSEF GYETVAI, | : |
| | :CIVIL ACTION NO. 3:18-CV-814 |
| Plaintiff, | : |
| | :(JUDGE MARIANI) |
| v. | :(Magistrate Judge Schwab) |
| | : |
| LARRY MORAN, et al., | : |
| | : |
| Defendants. | : |
| | : |

## MEMORNADUM OPINION
## I. INTRODUCTION

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 9) by Magistrate Judge Susan Schwab issued subsequent to the required screening of Jozsef Gyetvai's Civil Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Magistrate Judge Schwab recommends that Mr. Gyetvai's complaint be dismissed and the case file be closed for the following reasons: he improperly seeks release from custody in this civil rights action; he failed to state a Sixth Amendment claim upon which relief can be granted based on the factual averments contained in the complaint; and, even if he properly pled a Sixth Amendment claim based on the right to counsel, the claim would be barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 9 at 6-13).

Mr. Gyetvai also filed three motions to amend his complaint (Docs. 12, 15, 16) after Magistrate Judge Schwab issued the R&R under consideration. Because these motions are

impacted by the analysis contained in the R&R and the Court's decision to adopt it, the Court will also address the pending motions to amend.

## II. ANALYSIS

### A. Report and Recommendation

In response to the R&R, Mr. Gyetvai filed a document titled "Motion: Objection to the Report and Recommendation and Leave for Appeal" (Doc. 11). The Court construes this document as a timely-filed response to the R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The *de novo* standard applies only to objections which are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become

2

a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted). The Court of Appeals for the Third Circuit has described the appropriate level of review as "'reasoned consideration.'" *Id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

The Court concludes that Mr. Gyetvai's objections lack the specificity required by *Goney*, 749 F.2d at 6-7, and therefore, the Court will conduct the required "reasoned consideration" review. Before doing so, the Court notes that, without reference to findings made or facts set out in the R&R, Mr. Gyetvai's filing consists of thirty-eight numbered paragraphs asserting alleged facts or legal conclusions regarding his arrest, conviction, and sentence.

Magistrate Judge Schwab correctly concludes that Mr. Gyetvai's request for release from custody is properly raised in a habeas corpus action. (Doc. 9 at 6-7.) As succinctly set out in *Forrest v. Sauers*, Civ. A. No. 3:13-CV-0067, 2013 WL 3097569 (M.D. Pa. June 18, 2018),

> Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus, 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. § 1983. See *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288

3

> F.3d 532, 540 (3d Cir.2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d 540.

*Forrest*, 2013 WL 3097569, at *2. Though Mr. Gyetvai's initial pleading is a form Civil Complaint on which he identified 42 U.S.C. § 1983 as the provision the complaint was to be filed under (Doc. 1 at 1), the filing contains vaguely articulated allegations related to the validity of his conviction and the fact or length of his sentence, including the following: "no evidence exists, mandatory minimum is unconstitutional, I was not made aware of mandatory minimum, or repeat felon." (Doc. 1 at 2.) The numerous allegations raised in his filing in response to the R&R further indicate that Mr. Gyetvai alleges impropriety related to his state court conviction and/or sentence. (Doc. 11.)

Magistrate Judge Schwab also correctly concludes that Mr. Gyetvai's Sixth Amendment right to counsel claim fails for several reasons, chief among them that it is barred by the favorable-termination rule of *Heck*, 512 U.S. at 486-87, 489. (Doc. 9 at 7-11.) After setting out the relevant legal framework, the Magistrate Judge found that Mr. Gyetvai's civil rights claim is not cognizable unless or until his conviction or sentence has been set aside and he has not alleged either. Thus, she found that this claim is barred by *Heck*. (*Id.* at 11 (citations omitted).)

4

The Court agrees with the foregoing findings but concludes that a modified disposition is warranted. Although Mr. Gyetvai's action is filed on a civil rights form, in substance it is a hybrid action sounding in both civil rights and habeas. Mr. Gyetvai cannot bring both a 42 U.S.C. § 1983 civil rights action and 28 U.S.C. § 2254 action in one case. *Forrest*, 2013 WL 3097569, at * 2. Rather than dismiss the action to the extent Mr. Gyetvai seeks habeas relief as the Magistrate Judge recommends (Doc. 9 at 7), the Court will construe the Complaint as a combined civil rights complaint pursuant to 42 U.S.C. § 1983 and habeas corpus petition pursuant to 28 U.S.C. § 2254, a procedure this Court has previously followed. *See, e.g., Williams v. Scranton Police Dep't*, Civ. A. No. 12-CV-2334, 2013 WL 784713 (M.D. Pa. Mar. 1, 2013). With the civil rights aspect of this case being dismissed, the Court will allow Mr. Gyetvai to file an amended habeas corpus petition setting out the state court conviction and sentence at issue and identifying his specific challenges related to them.

B.  **Pending Motions**

The determinations set out above and Magistrate Judge Schwab's *Heck* analysis indicate that Mr. Gyetvai's pending motions to amend his complaint (Docs. 12, 15, 16) are properly denied.

With his "Motion to Amend, and Include: False Arrests under Habeas Corpus 1983; 'Civil Rule 15'" (Doc. 12), Mr. Gyetvai appears to seek to add a claim for false arrest to his

5

initial filing. He acknowledges that "a valid conviction generally forecloses a false arrest claim" (Doc. 12 at 2 (citation omitted)) and adds parenthetically that

> to recover damages in a § 1983, a false arrest claimant must prove that [his] conviction or sentence has been reversed on direct appeal, or EXPUNGED by EXECUTIVE ORDER, declared invalid by state tribunal authorized to make such determination, or called into question by Federal courts issuance of writ of habeas corpus will be partly deemed moot and partly denied.

(Doc. 12 at 2 (citation omitted).) Mr. Gyetvai recognizes that a false arrest claim is foreclosed unless or until he prevails on a habeas action or otherwise overcomes the bar to recovery identified in *Heck*. Therefore, the motion to amend is properly denied with prejudice.

With his "Motion to Leave; to Amend" (Doc. 15), Mr. Gyetvai seeks monetary relief for time spent "wrongfully incarcerated" and he seeks to add and delete parties (Doc. 15 at 1). These requests are properly denied: they are not relevant to a § 2254 petition where money damages are not available and the warden of Mr. Gyetvai's place of incarceration is the only proper respondent; and they are of no significance in the § 1983 context given the Court's determination that Mr. Gyetvai's § 1983 action is properly dismissed. Thus, the motion to amend is properly denied with prejudice.

With his "Motion to Amend to 1983 Abuse of Power Claim, False Arrest, Malicious Prosecution" (Doc. 16), Mr. Gyetvai seeks to add claims which are also foreclosed by *Heck*. Therefore, the motion is properly denied with prejudice.

## III. CONCLUSION

For the foregoing reasons, the R&R will be adopted as modified, Mr. Gyetvai will be allowed to file an amended § 2254 petition, and his § 1983 action will be dismissed with prejudice. Mr. Gyetvai's motions to amend (Docs. 12, 15, 16) will be denied with prejudice. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge